Collins, Jackson & Snodgrass, of San Angelo, and W. A. Hadden and R. D. Blaydes, both of Fort Stockton, for appellant.

W. C. Jackson and Johnson & Crumpton, all of Fort Stockton, for appellee.

## CLIETT v. WILLIAMS.

No. 3546.

Court of Civil Appeals of Texas. El Paso.

Sept. 28, 1936.

PELPHREY, Chief Justice.

At the primary election held in Pecos county, Tex., on July 25, 1936, appellant, appellee, and one Lyle D. Scott were candidates for the nomination to the office of county commissioner precinct No. 1 of Pecos county. At such election, it is agreed, appellant received 445 votes, appellee 517 votes, and Lyle D. Scott 328 votes.

A second primary election was held in Pecos county on August 22, 1936, and the names of both appellant and appellee appeared on the ballot at that election.

In that election appellant received six more votes than did appellee, and his name was certified to the county clerk of Pecos

county as the nominee of the Democratic Party.

On September 7, 1936, appellee filed this suit in the Eighty-Third judicial district court seeking to have the primary held on August 22, 1936, in so far as the nomination of a county commissioner for precinct No. 1 was concerned, held null and void; to have the certificate issued by the executive committee in favor of appellant held for naught; to have appellee declared the nominee of the Democratic Party for the office of county commissioner precinct No. 1; to enjoin the county clerk of Pecos county from posting the name of appellant as the nominee of the party or from printing his name on the ballot for the general election as such; and to mandamus the clerk to post appellee's name as the nominee and to print same on the ballot for the general election.

As a basis for the relief sought, appellee alleged that the county executive committee had failed prior to the primary election held in July to decide that nominations for county offices should be by a majority vote and that he having received a plurality of the votes cast in such primary was duly elected as the nominee of the party and was entitled to be so certified.

A trial was had before the court and judgment rendered canceling the certificate of election issued to appellant, declaring the primary election held on August 22, 1936, in so far as it affected the nomination for county commissioner of precinct No. 1 of Pecos county, null and void; declaring appellee to have been duly and legally nominated at the July primary; and ordering the county clerk of Pecos county to post and publish the name of appellee as the nominee of the Democratic Party and enjoining him from posting and publishing that of appellant.

This appeal has been perfected from the judgment so rendered.

## Opinion.

Appellant's brief contains twenty-six assignments of error, but his discussion is limited only to the question whether or not the committee did in fact decide that a majority vote was necessary and whether or not appellee by his conduct had waived any right he may have had to insist for formal action by the committee or to question the regularity of the proceedings leading up to the holding of the second primary.

Article 3102, R.S., after requiring a majority of the votes cast at a primary election to nominate a person for state or district office, provides for the holding of a second primary to be held on the fourth Saturday in August for the two receiving the highest number of votes, and then provides as follows: "Any political party may hold a second primary election on the fourth Saturday in August to nominate candidates for any county or precinct office, *where a majority vote is required to make nomination.*"

Article 3106, R.S. reads: "The county executive committee shall decide whether the nomination of county officers shall be by majority or plurality vote, and, if by a majority vote, the committee shall call as many elections as may be necessary to make such nomination, and in case the committee fails to so decide, then the nomination of all such officers shall be by a plurality of the votes cast at such election."

That the above provision is mandatory is not questioned by appellant. Therefore, unless the committee decided that a majority vote was necessary to the nomination here involved, appellee became the nominee by receiving a plurality of the votes cast at the July primary, as it is admitted he did; and if the committee made no decision as to a majority being necessary, then the holding of any later primary, in so far as this nomination is concerned, was without warrant of law.

Among the findings of the trial court there appears: "I further find that neither at the June meeting nor at the August first meeting, any official action was had and taken with respect to requiring a majority vote to nominate county officers. No motion was made, no resolution was offered with respect to such question, nor any official action of any character had or taken with respect thereto. * * *"

If the evidence introduced is sufficient to support this finding, then the judgment should be affirmed unless it appears that appellee has waived his right to question the regularity of the holding of the second primary. While the evidence of the county chairman is not entirely clear as to just what was and what was not decided on, we cannot say that as a matter of law his testimony shows that a decision was reached that a majority vote would be necessary to nominate. In other words,

we have concluded that there is evidence to support the finding of the trial court.

 To constitute "waiver" there must be generally, first, an existing right, benefit, or advantage; secondly, knowledge, actual or constructive, of the existence of such right, benefit, or advantage; and, lastly, an actual intention to relinquish it, or such conduct as warrants an inference of relinquishment: 67 C.J. § 3, p. 299.

The record before us does not show the existence of these conditions, and we must conclude that appellee had not waived his rights.

In view of the above conclusion, the judgment of the trial court will be affirmed, and immediately upon the filing of this opinion the clerk of this court is directed to issue the mandate and certificate to the trial court.