## WAGNER v. YATES et al.
### No. 13410.

Court of Civil Appeals of Texas. San Antonio.

Aug. 4, 1938.

Rehearing Denied Aug. 19, 1938.

Seabury, Taylor & Wagner, of Brownsville, and Terrell, Davis, Hall & Clemens, Theo F. Weiss, and Johnson & Rogers, all of San Antonio, for relator.

C. K. Richards, of Brownsville, for respondents.

MURRAY, Justice.

On July 23, 1938, the same being the day for holding the first general primary election for the Democratic Party in the State of Texas, A. R. Davis, Fred B. Wagner and H. L. Yates were candidates for the position of County Chairman of the Democratic Executive Committee of Cameron County, Texas. Davis received 1442 votes; Wagner, 3851; and Yates, 4019.

At the proper time, and prior to the first primary, the Democratic Executive Committee of Cameron County had passed an order providing, in effect, that nominations for county and precinct offices should be by majority vote. In other words, the Committee had provided for a run-off primary for county and precinct officers. When the Executive Committee met on July 30th, to canvass the returns of the first primary, they declared H. L. Yates elected County Chairman by a plurality of the votes and declined to order a run-off between the two high candidates, to-wit, Fred B. Wagner and H. L. Yates.

Fred B. Wagner has filed an original application in this Court, under the provisions of Art. 1735a, Vernon's Ann.Rev. Civ.Statutes (Acts 1930, 41st Leg., 4th C. S., p. 4, ch. 4, § 1), seeking to require the Democratic Executive Committee of Cameron County to place the names of Wagner and Yates upon the official ballot for the run-off primary election to be held on August 27, 1938.

It is clear that where the Executive Committee, at the proper time and prior to the first primary, provides for the nomination of county and precinct officers by majority vote (Art. 3106, R.S.1925), no person can be declared to be the nominee of his party for a county or precinct office, unless that person receives a majority of the votes in the first primary.

There seems to be some ground for the contention made by the respondent H. L. Yates that the office of county chairman is not included in the provision of Art. 3106, with reference to nomination by a majority or a plurality vote, inasmuch as a county chairman is elected rather than nominated in the primary of the party. However, it is the opinion of this Court that when the various provisions of the statute with reference to the primary and

run-off primary elections are construed together, it is clear that the intention and the spirit of the law is that the county chairman, like all other county and precinct officers, should be required to be elected by a majority vote, when the majority rule has been adopted by the County Executive Committee, prior to the first primary election.

Relator's application for mandamus will be granted. The Clerk will issue the writ upon the filing of this opinion.