### WITHROW v. GLAZENER et al.
### No. 2146.

Court of Civil.Appeals of Texas. Waco.
Sept. 30, 1938.

Williford, Williford & Bond and H. H. Vibrock, all of Fairfield, for relator.

Geppert, Geppert & Victery, of Teague, for respondents.

#### PER CURIAM.

This is an original mandamus proceeding instituted in this court by L. R. Withrow, relator, against J. E. Lott, County Chairman of the Democratic Executive Committee of Freestone County, Texas, and against all the other members of said committee, Mrs. E. R. Glazener, county clerk, and T. E. Martin, respondents, to compel the Freestone County Executive Committee to declare relator the nominee of the Democratic Party for the office of County Commissioner in and for Precinct No. 2, Freestone County, Texas, and to certify relator's name to Mrs. E. R. Glazener as the nominee of said party for said office, and to compel Mrs. Glazener to post the name of relator as such nominee, and to further compel her to print or have printed the name of relator on the official ballot for the general election, etc.

As a basis for the relief sought, relator alleged that the County Democratic Executive Committee had failed, prior to the July primary election, to decide whether the nomination of county officers should be by majority or plurality vote, and that he, having received a plurality of the votes cast in the primary election held on July 23, 1938, thereby became the nominee of the Democratic Party under the provisions of Articles 3102 and 3106, Revised Civil Statutes, and became entitled to be so certified to the county clerk.

There were four candidates for the nomination to the office of County Commissioner, Precinct No. 2, Freestone County, Texas, in the primary election held on July 23, 1938. Relator received the highest number of votes cast in that election and respondent Martin received the second highest number of votes. The names of these two candidates were placed on the ballot for the primary to be held on August 27, 1938, and in this election respondent Martin received the highest number of votes and his name was certified to the county clerk as the nominee.

The members of the committee in their answer said that they, in their regular meeting on June 20, 1938, decided that nominations for county and precinct officers should be by majority vote, and the pertinent testimony in support thereof, given by affidavit, is as follows: That the Democratic Party of Freestone County had nominated its candidates by a majority vote for over twenty years; that they had always decided that county and precinct officers should be by a majority vote, but that they had never made such decision by actually voting on same; that they had always been in favor of nomination by a majority vote and had always before the first primary made arrangements for the holding of a second primary for county and precinct officers in those races

where no one candidate received a majority in the first primary; that they, as such committee, did unanimously decide that nominations for county and precinct officers would be by a majority vote; that J. E. Lott, the chairman, a few days before the committee meeting, discussed with Mr. Kirgan, the Fairfield printer, the cost of having the ballots printed and talked about how many runoffs there would likely be in county and precinct races in order to arrive at the length of the ballot of the second primary; that when the committee met in regular session at Fairfield on June 20, 1938, he discussed with the members of the committee who were present his conversation with Mr. Kirgan relative to the printing of the ballots for the first and runoff primaries; that they estimated the cost of holding a first and second primary and assessed the various candidates amounts sufficient to defray such expenses; that in apportioning this amount between the various county and precinct candidates they discussed among themselves the fact that the candidate who did not have an opponent should be required to pay a larger amount than those who had opponents; that they further discussed among themselves the fact that in those county and precinct races where there were more than two candidates and a runoff would likely be required that they should not assess those candidates as high as they would those who had only one opponent, and that in assessing the various county and precinct candidates and apportioning the expenses between the various county and precinct candidates they took into consideration the fact whether or not such candidates were opposed and whether or not they would be nominated without the necessity of a runoff primary; that they did not actually vote on the question of whether or not the county and precinct officers would be nominated by a plurality or majority vote but that there was no question but what they all, both individually and as a committee, decided that such nominations would be by a majority vote.

We must accept the material allegations of the answer of respondents and the relevant statements in the filed affidavits as true for the purposes of determining our jurisdiction. Rogers v. Lynn, 121 Tex. 467, 49 S.W.2d 709, 51 S.W.2d 1113. The testimony hereinabove set out is susceptible of the reasonable and fair interpretation that the members of the committee present at the June 20, 1938, regular meeting reached the conclusion that nominations for county and precinct officers should be by a majority vote and that in making arrangements for the holding of the primary elections to be held on July 23rd and August 27th, 1938, they acted in fulfillment of such decision, and thus a doubtful question of fact is presented for determination. It therefore becomes our duty, under the holdings of our Supreme Court in the hereinafter set out cases, to dismiss relator's application for mandamus. Teat v. McGaughey, 85 Tex. 478, 22 S.W. 302; Love v. Wilcox, 119 Tex. 256, 28 S.W.2d 515, 70 A.L.R. 1484; Rogers v. Lynn, 121 Tex. 467, 49 S.W.2d 709, 51 S.W.2d 1113. See, also, 28 Tex. Jur. 597, § 46.

The application for mandamus is dismissed.