**ANDERSON v. ALDRICH, County Chair-
man, et al. (two cases).**

**Nos. 10684, 10862.**

Court of Civil Appeals of Texas. Galveston.

Oct. 6, 1938.

Ear P. Adams, of Austin, and Henry
Adam. of Crockett, for relator and appel-
lant.

Cro\ & Chessher, of Groveton (C. C.
Chessh, of Groveton, of counsel), for re-
spondeιs and appellees.

GRA'ES and CODY, Justices.

Theseproceedings, as styled and num-
.bered, sιra, reflecting as they do the con-
test beteen Clifton Anderson, relator
here, anιA. B. English, A. A. Aldrich, as
Chairma:thereof and all other members
of the Dιιocratic Executive Committee of
Houston ounty, and J. Dawson Robbins,
as Clerk f Houston County, as respond-
ents, ove whether or not Anderson or
English h. been entitled to the nomination
of such Dnocratic Party for county com-
missioner f Precinct No. 4 of Houston
County at ther of the two primaries held
by that paɣ therein on the 23rd day of
July and tι 27th day of August of 1938,
respectiveljhave been, upon this court's
own motionconsolidated and heard as one
proceeding ι it.

The first e, cause No. 10,864, is an ap-
peal by Anrson from the refusal of a
temporary ιunction and certain other
mandatory ref sought by him, against all
of the respdents, the material part of
which ·is this

"It is therefore, ordered, adjudged and decreed by the Court that the temporary restraining order heretofore granted should be, and the same is hereby in all things dissolved, and the temporary injunction and mandatory relief prayed for by Plaintiff is in all things denied.

"It is the further order of this Court that the Democratic Executive Committee of Houston County, Defendant herein, be and is hereby directed to proceed no further upon the contest filed before it, and described in Plaintiff's petition, until legal notice, as required by Statute, is had upon the Contestee, in said action before said Committee.

"All relief sought and not herein specifically granted, is hereby denied.

"It is further ordered that the officers of Court recover of the Plaintiff, Clifto Anderson, and the Defendants, A. B. Eglish, the costs incurred by each, respecively, for which execution may issue.

"Sam Hollan,
"Judge Presidhg."

Of the other consolidated proceecngs so styled and numbered, one constitted an original application by Andersonto this court for a writ of mandamus iquiring the respondents to recognize an( certify him as such nominee for the comnssionership indicated, another an applition by him for temporary restraining-oier from this court awarding him tempoiry relief effective until his appeal from te refusal of the temporary injunction in ause No. 10,864 should be determined by his court, which it duly granted on September 30 of 1938, while the last one of the monstituted a motion from the respondentso dissolve the temporary restraining ord( so issued by this court.

Such appeal from the refusaof the temporary injunction below havig been advanced and heard here pursnt to R.S. Article 4662, under which th cause had been accelerated into this co't, has been considered upon the transcr: and statement of facts, affidavits, and her evidence and proceedings submitted t'rein, as well as upon oral arguments f both sides; whereas the mandamus aolication and motions have, as indicated, ton treated as part of the same cause.

Subject to the exception anlualification hereinafter specifically set (, it is this court's conclusion that, at s late date, none of these proceedings hang been filed with its clerk prior to October 3, nor argued before it until October 4 of 1938, although two of its judges had issued the restraining-order mentioned on September 30 upon ex parte hearing only, it cannot effectively entertain such proceedings longer, hence that they should all be dismissed from its dockets, on the ground that the subject-matters and things with which they deal have, within the meaning of the law, become moot and not susceptible of effective control by it—except in the single respect hereinafter so noted—for these reasons and considerations, to wit:

1. It is doubtless true that R.S. Article 3106 is mandatory, and requires the County Executive Committee to decide whether the nomination of county officers shall be by majority or plurality vote, and if the committee fails to decide, that the nomination of county officers shall be by plurality vote. Cliett v. Williams, Tex.Civ. App., 97 S.W.2d 272. But we are unable to hold that the Executive Committee of Houston County failed to decide that the nomination of county officers should be by majority vote. By an order duly made on July 30, 1938, the county committee made such decision, and in the order carrying this decision into effect recited that it had been its invariable practice to require a majority vote for the election of county officers, and indicated by the terms of such order that it had intended to, but through oversight failed to, make such order at its meeting of June 20, 1938. July 30, when this order was made, was after the first primary, but was before the committee had canvassed the results of the first primary vote. Art. 3106 does not specify when the County Executive Committee must make such decision. As the second, or run-off, primary was not until August 27, 1938, we cannot say that ample time was not allowed after the date of the decision. Neither the contestant nor contestee appear to have been misled or injured. Indeed neither of them made any investigation, but assumed, in conformity with the invariable practice of the committee, that a run-off primary would be required, and on such assumption spent both time and money to bring about their respective election. In the Cliett Case, supra, it appears that neither before the first primary election which was held July 23, 1936, nor at its meeting thereafter on August 1, 1936, did the County Executive Committee order a majority vote for election of county officers, nor was any of-

ficial action taken to comply with the requirements of Art. 3106 at any time. Furthermore,

2. Appellees' pleadings urged a plea of estoppel against appellant for claiming that he had not waived any fault or irregularity of the County Executive Committee in not making its order for a majority vote for county officers earlier than it was in fact made. The trial court, in refusing to issue a writ of mandamus to the Executive Committee, must be taken to have ruled this issue against appellant and in favor of appellee. The evidence would support such ruling. And for the reasons given we are unable to say that appellant became the Democratic nominee for the position for which he was a candidate by reason of having received a plurality over his three opponents in the first primary.

3. Though the trial court dissolved, on September 15, 1938, the temporary restraining-order that he had granted appellant on September 10, 1938, and refused to grant appellant the temporary injunction he sought (and from which appellant has prosecuted his appeal to this court), he did use language in the temporary order which implies that he found as a fact that, with respect to the contest filed by appellee before the County Executive Committee, no service of citation had been made on appellant to require him to answer thereto, and that no waiver of such service had ever been made by appellant. The evidence was undisputed that no statutory citation (Vernon's Ann.Civ.St. art. 3148) had ever been served on appellant, and the evidence as to a waiver of citation was such that it would support a finding either way. An attorney appeared before the Executive Committee on behalf of appellant on September 3, 1938, and requested that the hearing be put off one week, until the tenth. It was with the knowledge and consent of appellant that the attorney acted, and he received the benefit of his action. There was no concealment practiced on the committee, for it was informed that such attorney had not received his fee, and would not act for appellant unless he did. But that did not prevent the relationship of attorney and client from existing at the time he acted for appellant. The facts would support a finding that, in agreeing to waive service, notwithstanding his avowal that he might not later represent appellant, that the committee was induced to set the contest over for the convenience of appellant's then at-torney. Thereafter the attorney here representing appellant appeared before the committee, and, after stating that he was not waiving service, made a legal argument to induce the committee to certify his client's name as the nominee. He doubtless regarded himself as adopting to his purposes the fiction frequently employed in court of appearance by amicus curiæ. But it is a question of fact of whether appellant appeared by attorney and participated in the contest, even though he stated that he was making only a limited appearance. The court was justified in finding, for purposes of his temporary injunction, that there had been no waiver by appellant through his first or second attorney of service of citation to the contest. But, as indicated, the facts would support a finding that appellant had submitted to the jurisdiction of the County Executive Committee. Therefore, while the construction placed by the court on the participation of appellant's attorneys in the contest did not amount to an appearance or a waiver of citation, and was thus sufficient to support the court's order not to proceed further with the hearing until statutory service was had on appellant, it would support a jury finding to the contrary.

4. At the time the Executive Committee received notice of the temporary restraining-order they had certified appellee's name as the nominee, but had not delivered it. In fact the certificate of nomination had been signed only by the Chairman and thirteen of the committeemen. By force of the trial court's order the committee was bound not to deliver the certificate to the county clerk or to otherwise part with it. In defiance of this order, it appears that on October 1, the committee did place, or cause to be placed, in the hands of the county clerk, the certification of nomination. Accordingly the clerk is ordered to return the same to the Chairman of the County Executive Committee forthwith, and the Chairman is ordered to receive it back.

5. If the appellant participated in the contest by either of his attorneys, he waived service of citation, no matter if he still insisted he must have it. If he participated in the contest, the County Executive Committee had jurisdiction—unless there was not a quorum present. If we reverse the action of the trial court in refusing appellant the injunctive or mandamus relief he has sought, we will be forced to

remand the cause for trial on its merits. On a trial of its merits before a jury—were there time for such a trial—the jury might find that appellant had waived service of citation. As there is lack of time for such a trial, because not later than October 10, 1938, the county clerk must post the names of the nominees, we must hold the cause now moot, dismiss the appeal, dismiss the two motions filed therein, and refuse the application for writ of mandamus; it is accordingly so ordered.

PLEASANTS, C. J., absent.