## ADKINS et al. v. RAWLS et al.
### No. 2631.

Court of Civil Appeals of Texas. Waco.
Oct. 5, 1944.

Carl Cannon and L. W. Shepperd, both of Groesbeck, for Sam Adkins.

C. S. Farmer and John B. McNamara, both of Waco, for Herman Adams.

Bradley & Bradley, of Groesbeck, W. W. Mason, of Mexia, and Lewis M. Seay, of Groesbeck, for Charlie Shreve.

PER CURIAM.

This litigation arises out of the Democratic Primary election held in Limestone county on July 22, 1944, and involves the purported nomination of a party candidate for the office of sheriff of that county to be placed upon the official ballot in the forthcoming general election to be held on November 7, 1944. The names of Sam Adkins, Herman Adams and Charlie Shreve were properly placed upon the official primary ballot as candidates for the nomination and the returns from such election disclosed that Adkins received 2241 votes, Adams received 1937 votes and Shreve received 1032 votes. Thereafter Adkins announced through the press that he had withdrawn from the race, but he later retracted such announcement and stated that he would continue in the race through the second primary. On August 4th Adams addressed a letter to the chairman and members of the County Executive Committee advising that after due consideration he had decided to withdraw from the race and he therein authorized and directed that his name be not placed upon the ballot in the second primary to be held

on August 26th, but thereafter he also retracted such action on his part. As a result of the confusion growing out of the unusual circumstances, the County Executive Committee decided, on August 8th, to place the name of each of the three candidates on the second primary ballot, provided each candidate would agree in writing that the party nomination should be made in the second primary by plurality vote, and provided further that if any one of the three refused to so agree his name would not be placed upon such ballot, and provided still further that if only one of the three should agree to such proposal he would be declared the party nominee without holding a second primary election for the nomination. Adkins and Adams each refused to enter into such an agreement and thereupon the County Chairman certified the name of Shreve to the County Clerk as the Democratic nominee for such office.

Adkins then instituted this suit in the District Court of Limestone County against the County Chairman, the County Clerk, Adams and Shreve, seeking writs of mandamus and injunction ordering the proper county officers to recognize him as the Democratic nominee and enjoining the posting or printing on the general election ballot of the name of any other person as such nominee. Adams answered and intervened by way of cross-action, seeking the same relief in his own behalf as that sought by Adkins. Shreve answered both adverse parties with pleas in abatement, exceptions and affirmative allegations of fact in derogation of the legal rights asserted by them. The case was tried before the court below without a jury and resulted in judgment refusing the application of Adkins and Adams respectively for the writ of mandamus sought by each, but declaring void the action of the County Chairman in certifying the name of Shreve as nominee and enjoining the County Clerk from posting or printing on the general election ballot the name of Shreve as such Democratic nominee. Each of the three candidates excepted to the judgment insofar as it was adverse to him and each has perfected his appeal therefrom to this court. The record was filed in this court on September 24th and the cause was submitted September 28th on briefs and oral arguments.

Adkins contends, in substance, that the County Executive Committee did not decide whether the nomination of county officers should be by majority or plurality vote, as required by the provisions of Article 3106 of Vernon's Texas Civil Statutes, and since he received a plurality of the votes cast in the general primary election held on July 22nd, he was entitled as a matter of law to the relief sought by him in the trial court. Adams also contends that the County Executive Committee did not decide whether the nomination of county officers should be by majority or plurality vote, but he asserts that since Adkins withdrew from the race prior to the time when the returns from the primary election were canvassed and declared by the County Executive Committee, the votes cast for Adkins should .have been ignored or considered in such way as to give him, Adams, the plurality vote over Shreve so as to entitle him to the relief sought in his application. The trial court expressly found in the judgment appealed from that "the acts and conduct of the Democratic Executive Committee as shown by the evidence was and is a sufficient compliance with Article 3106 of the R.C.S. of Texas, and was and is a determination that the nominations should be made by the Democratic party in Limestone county, Texas, for the year 1944 for county and precinct offices by a majority vote." The court further found in the judgment that the certification of Shreve as the Democratic nominee for sheriff was void because in direct violation of the provisions of Article 3165 of Vernon's Texas Civil Statutes. Shreve contends that the evidence was sufficient to sustain the court's findings concerning the decision of the County Executive Committee to nominate by majority vote, but he insists that since the court properly denied the writ of mandamus sought by Adkins and Adams respectively, they were each thereby deprived of any legal right in the subject matter of the suit other than as a member of the public, and that neither was entitled merely as a member of the public to maintain the asserted action for injunctive relief.

■ As we view the record, a correct disposition of the appeal turns upon whether there was any competent evidence of probative force tending to show that the County Executive Committee decided, at the time and in the manner required by Article 3106 of Vernon's Texas Civil Statutes, whether the nomination of county of-

ficers for the year 1944 should be by majority or plurality vote. Under the mandatory requirements of the statute it is provided that the Committee shall so decide and if the decision is for nomination by majority vote, the Committee shall call as many elections as may be necessary to make such nomination and in case the Committee fails to so decide, then the nomination of all such officers shall be by a plurality of the votes cast at such election. Although the statute does not specify the exact time when or the precise manner by which such decision shall be made, arrived at or evidenced, we think, from considerations of public policy, it must have been the intention of the legislature not only to require the Committee to decide the matter within a reasonable time, but also to require that such decision shall be evidenced with reasonable certainty by some official act of the Committee taken prior to the official canvass of the returns from the first primary election. However, we are not willing to extend the implied requirements of the statute any further than indicated. Consequently we have concluded that if in fact the Committee decides that the nomination of county officers shall be by majority vote and if such decision is evidenced with reasonable certainty by any official act or acts on the part of the Committee taken prior to the time when the returns from the first primary election are canvassed, then the decision so made and evidenced constitutes a sufficient compliance with the express and implied requirements of the statute. It appears that judgments of the Courts of Civil Appeals in cases of this kind are final and conclusive on the law and facts under the express provisions of Article 1821, sec. 5, of Vernon's Texas Civil Statutes, and hence we have not found any case by the Supreme Court of Texas construing the provisions of the statute here under consideration. We think the construction which we have placed upon the same is not inconsistent with the holding of any other Court of Civil Appeals with respect thereto. See: Dunagan v. Jones, Tex.Civ.App., 76 S.W.2d 219; Cliett v. Williams, Tex.Civ.App., 97 S.W.2d 272; Wagner v. Yates, Tex.Civ.App., 119 S.W.2d 175; Anderson v. Aldrich, Tex. Civ.App., 120 S.W.2d 605; Sartin v. Hudson, Tex.Civ.App., 143 S.W.2d 817.

While the Limestone County Democratic Executive Committee did not timely vote upon any formal motion or resolution expressly evidencing its decision to nominate county officers for the year 1944 by a majority vote, there was evidence indicating that it was the fixed purpose and intention of the Committee that such nominations should be by a majority vote. There was also evidence to the effect that the Committee, its chairman and the three candidates proceeded through the first primary election upon the definite assumption that the nomination for all offices would be by majority vote and no question was raised by anyone with respect thereto until after Adkins had announced through the press his withdrawal from the race. The evidence discloses that the Democratic party in Limestone county had continuously and without any exception nominated its candidates for local offices during approximately forty years by majority vote. There was evidence that the chairman of the Committee investigated the cost of having ballots printed for a first and second primary election and when the Committee met in June, 1944 for the purpose of assessing local candidates in the primary the chairman reported the results of his investigation to the Committee; the Committee then discussed and considered the amount of funds that would be necessary to defray the expenses incident to holding two primary elections in the county, and in assessing the filing fee to be paid by each local candidate for having his name placed upon the official primary ballot in the first election the Committee included in such assessment what it regarded as each local candidate's pro rata part of the expense to be incurred in holding a second primary election; and after such assessments had been so made by official action of the Committee and after the amounts thereof had been paid in by the various local candidates, the Chairman, acting upon instructions from the Committee, made financial arrangements with a printer to print the official ballots for both primary elections. There was also testimony indicating that before the Committee canvassed the returns from the first primary election insofar as the same related to the race for sheriff, some question arose as to whether one of the candidates for county treasurer had received a majority or only a plurality of the votes cast in the first primary, and after the Committee had determined that such candidate had received a majority of the votes cast in such primary election he was immedi-

ately declared to be the party nominee for this office. Without attempting to further summarize the evidence in this case, we think that to which we have referred was competent and sufficient to raise a fact issue for the determination of the trial court as to whether the Committee decided, at the time and in the manner required by said Article 3106, that the nomination for county officers should be by majority vote. Withrow v. Glazener, Tex.Civ.App., 120 S.W.2d 122. Since the trial court expressly found against the contentions of Adkins and Adams on this vital fact issue, we cannot say as a matter of law that either of them has shown a clear legal right to the writ of mandamus sought by each.

We recognize the rule that where the sole object of a suit is for the benefit of the public at large and where no citizen is to be affected differently from all other citizens by the result of such suit, only a public officer authorized under the Constitution and laws of this state to protect public rights and interests can properly maintain such a suit. Staples, Sec'y of State, et al. v. State ex rel. King, 112 Tex. 61, 245 S.W. 639; Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012; Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731. But we do not think the rule announced in the foregoing cases is of controlling effect in its application to the facts of the case now before us. Presumably the results of this suit could not affect the interest of any citizen of Limestone county unless such citizen be affiliated with the Democratic party. Not only so, but Adkins and Adams were each lawful candidates for the Democratic nomination which admittedly has been unlawfully awarded to Shreve and as such their interest in the subject matter of this suit was and is different from and in addition to that of any Democratic voter in Limestone county or of any qualified elector in the forthcoming general election. Hence we are of the opinion that their right to maintain the suit and to recover the injunctive relief sought by them is ruled by the holding of the Supreme Court in the case of Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037. Accordingly we overrule the contention of Shreve insofar as he asserts that the suit of Adkins and Adams should have been abated or dismissed.

It follows from what we have said that in our opinion the judgment of the trial court should be affirmed. It appears that the questions raised in the litigation will become moot unless finally determined by October 7, 1944. Therefore, it is ordered that the judgment appealed from be in all things affirmed, that one-third of the costs of this appeal be taxed against each of the three appellants, that all parties be denied the right to file motion for rehearing, and that immediately upon the filing of this opinion the clerk of this court issue mandate evidencing the judgment of affirmance herein.

RICE, C. J., and TIREY and HALE, JJ., concur.