

NUMBER 13-19-00133-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ESEQUIEL DE LA PAZ,**                                        Appellant,

**v.**

**OFELIA GUTIERREZ,**                                        Appellee.

---

### On appeal from the 105th District Court
### of Kleberg County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras**

This is an accelerated appeal in a primary election contest. *See* TEX. ELEC. CODE ANN. § 232.014 (West, Westlaw through 2017 1st C.S.). The dispute concerns the Democratic primary run-off election for Kleberg County Justice of the Peace Precinct 4, between appellant Esequiel De La Paz and appellee Ofelia Gutierrez. De La Paz has

filed the instant appeal challenging the trial court's order, rendered on March 22, 2019, declaring Gutierrez the winner of the run-off and "suggest[ing] and authoriz[ing]" a general election to be held on May 4, 2019. De La Paz has also filed a "Motion for Emergency Stay" seeking to stay all underlying proceedings and to have the May 4 general election abated. Per our request, Gutierrez filed a response to the motion for emergency stay; De La Paz filed a reply to the response.

In their filings related to the motion for emergency stay, the parties focus principally on the substantive merits of the appeal. Considering this fact, and in light of the urgent and extraordinary nature of the issues presented, we order the appeal to be submitted without briefs. *See* TEX. R. APP. P. 28.1(e); *In re Tex. Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 207 (Tex. 2002).

Compelled by clear and long-standing precedent, we conclude that the trial court lost subject matter jurisdiction over Gutierrez's election contest when absentee voting began for the November 6, 2018 general election, at the latest. Accordingly, we vacate the trial court's orders rendered subsequent to that time, and we dismiss the case for want of jurisdiction.

## I. BACKGROUND

The following background facts are taken from the parties' filings related to the motion for emergency stay, as well as the records filed in the related causes in this Court, of which we take judicial notice. *See* TEX. R. EVID. 201; *Estate of York*, 934 S.W.2d 848, 851 (Tex. App.—Corpus Christi 1996, writ denied) (holding that an appellate court may take judicial notice of its own records in a case involving the same subject matter between the same parties).

2

On May 5, 2018, De La Paz and Gutierrez finished first and second in the Democratic primary election for Justice of the Peace Precinct 4, but neither received a majority of votes, so they both advanced to a run-off. De La Paz, the incumbent, won the ensuing May 22, 2018 run-off election by six votes. On June 6, 2018, Gutierrez filed a contest suit pursuant to the election code in trial court cause number 18-290-D. *See* Tex. Elec. Code Ann. § 221.003 (West, Westlaw through 2017 1st C.S.). After a bench trial, the trial court ruled in favor of Gutierrez on July 5, 2018, holding that seven of De La Paz's family members illegally voted in the May 22 primary run-off because they did not reside in Precinct 4. The trial court voided the results of the May 22 election and ordered that a new primary run-off be held on August 14, 2018. De La Paz appealed this ruling, and we affirmed. *De La Paz v. Gutierrez*, No. 13-18-00377-CV, 2018 WL 5289553, at *7 (Tex. App.—Corpus Christi Oct. 25, 2018, no pet.) (mem. op.) (declining to "read the election code as mandating that every voter accused of casting an illegal vote must disclose the specific race in which he voted" and concluding that legally and factually sufficient evidence supported the trial court's judgment).

Meanwhile, Kleberg County election authorities proceeded to prepare for the regularly-scheduled November 6, 2018 general election. As part of this preparation, sometime in September 2018, county officials ordered general election ballots with De La Paz listed as the Democratic nominee for Justice of the Peace Precinct 4, consistent with the statute which provides that enforcement of the trial court's order voiding the May 22 primary run-off results was automatically suspended when De La Paz perfected his appeal. *See* Tex. Elec. Code Ann. § 232.016 (West, Westlaw through 2017 1st C.S.).

3

The general election went forward as scheduled, and De La Paz won uncontested.[1]

After we denied De La Paz's motions for rehearing and for en banc reconsideration in the 2018 appeal, the trial court rendered a "Final Judgment After Appeal" in cause number 18-290-D on December 5, 2018,[2] ordering that the new primary run-off election be held on February 12, 2019. The December 5 order additionally directed the Kleberg County voter registrar to remove from the voter rolls the names of the seven voters who cast illegal ballots in the May 22 election.

Pursuant to the trial court's order, a new primary run-off was held on February 12, 2019. Gutierrez prevailed. De La Paz then filed an "Original Petition for Election Contest" in trial court cause number 19-128-D, arguing that the February 12 results should be set aside as void on grounds that "Gutierrez's contest of the [May 22, 2018 run-off] is moot" because "a final order was not issued on either matter in time for the election officials to meet statutory deadlines for the November 2018 general election."

The trial court held a hearing on both cause numbers 18-290-D and 19-128-D on March 20, 2019. At that hearing, De La Paz non-suited the claims he raised in cause number 19-128-D.

On March 22, 2019, the trial court rendered an "Order Regarding Primary Election of February 2019" in cause number 18-290-D, which stated in part:

> The Court notes that [De La Paz]'s claim that this matter is now moot and there is no subject matter jurisdiction arose (if indeed it did arise at all) in early September 2018 when the state's general election ballots were first prepared. [De La Paz] requested extensions of time to perfect his appeal

---

[1] The parties dispute whether the Texas Secretary of State certified De La Paz as the winner of the uncontested November 6, 2018 general election.

[2] The "Final Judgment After Appeal" is file-stamped December 5, 2018 but is dated December 12, 2018.

4

and never before challenged the authority of the 13th Court of Appeals to order a new election or decide the merits of the appeal.

. . . .

[De La Paz] by his delay [sic] request while on appeal, participation in the appeal without challenging the Court of Appeal's jurisdiction, failing to raise his mootness claim in the Court of Appeals, actively participating in the Court Ordered Election and invoking this Court's Jurisdiction start a second election contest [sic] amount to a Waiver of his claim.

By this order, the trial court declared Gutierrez "the winner of the Court Ordered Special Democratic Primary Election for Justice of the Peace Pct. 4." However, the court denied Gutierrez's requests to remove De La Paz from office and to declare her the rightful office holder. The March 22 order also contained a section entitled "Ancillary Findings Suggestion and Authorization" which stated in part:

The Court find [sic] it is appropriate to Authorize (if it needs to so authorize or can so authorize) the Kleberg County Clerk to conduct a general election limited to Precinct 4 for the office of Justice of the Peace precinct 4, Kleberg County, Texas; whereas the Contestant Ophelia "Ofie" Gonzales [sic] would be listed on the ballot as the Democratic candidate in the general election.

Should the County Clerk schedule said election on May 4, 2019, the Court finds the follow [sic] dates and procedures are appropriate;

The general election mentioned above may occur on May 4, 2019 from 7:00 a.m. to 7:00 p.m. with early voting to begin April 22, 2019 through April 30, 2019. Early voting will be conducted each day from 8:00 a.m. to 5:00 p.m. Election Day polling location(s) may be consolidated pursuant to Election Code Section 42.009. The last day to register to vote or make changes to address is April 4, 2019. The last day to file for a write-in candidate shall be April 5, 2019. The last day for early voting clerk to receive applications for a ballot to be voted by mail is April 23, 2019 pursuant to Election Code Section 84.007. All annual applications for ballot by mail received by the County Clerk shall be sent a ballot. Applicants that request a ballot by mail due to out of county need to submit a new application for a ballot by mail. The election results shall be canvassed no later than May 15, 2019 pursuant to Election Code Section 172.116(b). If there are no declared write-in candidates as specified by the Election Code, the County has the authority to cancel the election in accordance with 2.056 of the Election Code.

Following rendition of this order, De La Paz filed a petition for writ of mandamus with this Court, arguing that Gutierrez's primary election contest is moot "because there was no final judgment in place before the November general election." We summarily denied the petition. *See In re De La Paz*, No. 13-19-00130-CV, 2019 WL 1434953, at *1 (Tex. App.—Corpus Christi Apr. 1, 2019, orig. proceeding [mand. denied]); *see also* TEX. R. APP. P. 52.8(d) ("When denying [mandamus] relief, the court may hand down an opinion but is not required to do so.").

De La Paz perfected this appeal on April 1, 2019, thereby automatically suspending execution of the March 22, 2019 order. *See* TEX. ELEC. CODE ANN. § 232.016.

## II. DISCUSSION

A case is moot when either no live controversy exists between the parties or the parties have no legally cognizable interest in the outcome. *City of Krum v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam). "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). When a case becomes moot, the parties no longer have standing, which requires the court to dismiss for lack of subject matter jurisdiction. *City of Krum*, 543 S.W.3d at 750. Subject matter jurisdiction presents a question of law we review de novo. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013).

In his motion for emergency stay, De La Paz notes that there is extensive case law establishing that

> [a]n election contest becomes moot, and the issues no longer justiciable, when a final judgment adjudging the validity or invalidity of a candidate's certificate of nomination is not entered in time for election officials to comply

6

> with the statutory deadlines for preparing and conducting the general election, or when absentee balloting has begun during the pendency of the appeal.

*Salazar v. Gonzales*, 931 S.W.2d 59, 60 (Tex. App.—Corpus Christi 1996, no writ) (citing *Polk v. Davidson*, 196 S.W.2d 632, 634 (Tex. 1946); *Taylor v. Nealon*, 120 S.W.2d 586, 588 (Tex. 1938); *Sterling v. Ferguson*, 53 S.W.2d 753, 760 (Tex. 1932); *Moore v. Barr*, 718 S.W.2d 925 (Tex. App.—Houston [14th Dist.] 1986, no writ); *Price v. Dawson*, 608 S.W.2d 339, 340 (Tex. Civ. App.—Dallas 1980, no writ); *Shaw v. Miller*, 394 S.W.2d 701, 703 (Tex. Civ. App.—Houston 1965, writ ref'd n.r.e.); *Rosette v. Reyna*, 196 S.W.2d 658, 659 (Tex. Civ. App.—San Antonio 1946, no writ); *Anderson v. Aldrich*, 120 S.W.2d 605, 607–08 (Tex. Civ. App.—Galveston 1938, no writ); *Cummins v. Democratic Exec. Comm.*, 97 S.W.2d 368, 369 (Tex. Civ. App.—Austin 1936, no writ); *Oliver v. Freeland*, 74 S.W.2d 711, 712 (Tex. Civ. App.—San Antonio 1934, no writ)); *see Iles v. Walker*, 120 S.W.2d 418, 422 (Tex. 1938); *Sepulveda v. Medrano*, 323 S.W.3d 620, 625 (Tex. App.—Dallas 2010, no pet.); *Bejarano v. Hunter*, 899 S.W.2d 346, 352 (Tex. App.—El Paso 1995, orig. proceeding); *Law v. Johnson*, 826 S.W.2d 794, 797 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Lerma v. Ramon*, 760 S.W.2d 727, 730 (Tex. App.—Corpus Christi 1988, no writ); *Smith v. Crawford*, 747 S.W.2d 938, 940 (Tex. App.—Dallas 1988, no writ). In other words, once an election begins, a challenge to the candidacy of an individual *in that election* becomes moot. *See In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012) (orig. proceeding) (per curiam). This is true even when the contestant may have valid grounds for the contest. *Smith*, 747 S.W.2d at 940.

In her response to De La Paz's motion for emergency stay, Gutierrez does not dispute the validity of this precedent. Instead, she contends that the mootness doctrine

7

should not apply here for two reasons: (1) her claim is "capable of repetition yet evading review," and (2) De La Paz waived his mootness challenge.

"Capable of repetition yet evading review" is a "rare exception to the mootness doctrine." *Tex. A & M Univ.-Kingsville v. Yarbrough*, 347 S.W.3d 289, 290 (Tex. 2011) (citing *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). To invoke this exception, a party must establish that both (1) the challenged act is of such a short duration that the issue becomes moot before review may be obtained, and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again. *Lara*, 52 S.W.3d at 184–85. The latter element requires a "reasonable expectation" or a "demonstrated probability" that the same controversy will recur involving the same complaining party. *See City of Dallas v. Woodfield*, 305 S.W.3d 412, 419 (Tex. App.—Dallas 2010, no pet.) (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). A merely "theoretical possibility that the same party may be subjected to the same action again is not sufficient to satisfy the test." *Id.*; *see also Murphy*, 455 U.S. at 482 (explaining if every theoretical or physical possibility were sufficient to satisfy test then "virtually any matter of short duration would be reviewable"); *Lara*, 52 S.W.3d at 184 (holding former inmates did not meet capable-of-repetition requirement where "[w]hether and when" they "may be charged with a crime that would lead to their incarceration" and subject them to the same conduct that allegedly violated their constitutional rights was "speculative").

In arguing that there is a reasonable expectation the same action will recur if the issue is not considered, Gutierrez points out that

> [i]n this situation, to grant [De La Paz's requested] relief and find that everything subsequent to the trial court finding in July of 2018 is moot would put both parties back at the point the[y] were in on July of 2018, namely that

8

there was no clear winner of the Democratic Primary runoff election after the trial court found clear and convincing evidence of illegal voting by the family members of [De La Paz], which required ordering a new election pursuant to the Texas Election Code.

The relator in *In re Uresti* made the same argument, and the Texas Supreme Court rejected it. *See* 377 S.W.3d at 696. In that case, the Bexar County Democratic Party Chair removed real party in interest Monica Caballero from the Justice of the Peace primary ballot because her application to get on the ballot did not have enough valid signatures. *Id.* Caballero sued the Chair seeking to compel him to place her name on the primary ballot. *Id.* The trial court issued a temporary injunction ordering Caballero to be placed on the primary ballot, and Caballero then won the ensuing primary election. *Id.* Her opponent Uresti filed a mandamus petition seeking to vacate the injunction, but the supreme court held that his petition was moot because the primary election was over, and the "capable of repetition yet evading review" exception did not apply because Uresti did not show that the challenged actions—i.e., Caballero incorrectly affirming she had witnessed each signature on her application and had read a required statement to each signer—would recur. *Id.* at 696–97.

The facts of this case are not the same as those considered in *Uresti*, but we find the case instructive. Here, the question is whether Gutierrez's June 6, 2018 election contest suit (not De La Paz's appeal) is moot, and so we must ask whether there is a "reasonable expectation" that Gutierrez will be subjected to the "same action" again. As in *Uresti*, Gutierrez did not show that there is a reasonable expectation "that a candidate would perform similar actions in a subsequent election in which [s]he is a candidate." *See id.* at 697. In particular, she has not shown a reasonable likelihood that a candidate

9

running against her in a subsequent election would benefit from illegal voting.[3]

Gutierrez further contends that De La Paz "waived" his mootness challenge by: (1) failing to raise it in the 2018 appeal[4]; (2) failing to raise it at the December 12, 2018 hearing; and (3) failing to file a petition for writ of mandamus prior to the February 12, 2019 re-run-off election. The trial court found that De La Paz waived his mootness challenge for these reasons and also by "invoking [the trial court's] jurisdiction" in trial court cause number 19-128-D. But a trial court lacks subject matter jurisdiction over a moot claim, *see City of Krum*, 543 S.W.3d at 750, and it is well-settled that a challenge to a trial court's subject matter jurisdiction can be raised at any time and cannot be waived by a party's action or inaction. *See In re Crawford & Co.*, 458 S.W.3d 920, 928, n.7 (Tex. 2015) (orig. proceeding); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) ("[S]ubject-matter jurisdiction is a power that 'exists by operation of law only, and cannot be conferred upon any court by consent or waiver' . . . .") (quoting *Fed. Underwriters Exch. v. Pugh*, 174 S.W.2d 598, 600 (Tex. 1943)); *Tex. Ass'n of Bus. v. Tex. Air Control*

---

[3] Although Gutierrez protests that ruling in De La Paz's favor "would put both parties back at the point the[y] were in on July of 2018," the law as set forth herein compels a result that is even worse for her—it puts the parties in the position they were before her election contest was even filed. *See Iles v. Walker*, 120 S.W.2d 418, 422 (Tex. 1938) ("[W]henever the time comes that it is evident that the contest of a nomination cannot be completed in a tribunal of last resort, as provided by law in such cases, in time for the name to be posted as provided by law, the entire contest proceedings become moot and should be dismissed, and *matters left in the same condition that would have existed had no contest been instituted*.") (emphasis added)).

[4] With regard to the 2018 appeal, Gutierrez argues that De La Paz's failure to raise the mootness issue in that proceeding amounts to "briefing waiver," and she cites authority regarding inadequate briefing. *See* Tex. R. App. P. 38.1; *St. John Missionary Baptist Church v. Flakes*, 547 S.W.3d 311, 313 (Tex. App.—Dallas 2018, pet. filed) (holding that Texas Rule of Appellate Procedure 38.9(b) "does not allow this Court to sua sponte identify an issue not raised by a party and request additional briefing or reformulate an appellant's argument into one not originally asserted"). But to the extent De La Paz waived anything by inadequate briefing in the 2018 appeal, that waiver extended only to that particular appeal. In any event, adequate briefing is not a prerequisite to an appellate court's consideration of subject matter jurisdiction. *See, e.g.*, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993) ("[S]tanding, as a component of subject matter jurisdiction, cannot be waived in this or any other case and may be raised for the first time on appeal by the parties or by the court.").

10

*Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *King v. Deutsche Bank Nat'l Trust Co.*, 472 S.W.3d 848, 853 (Tex. App.–Houston [1st Dist.] 2015, no pet.); *Glassman v. Goodfriend*, 347 S.W.3d 772, 783 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *City of Weslaco v. Borne*, 210 S.W.3d 782, 793 (Tex. App.—Corpus Christi 2006, pet. denied). Gutierrez has not provided us with any reason to deviate from this long-standing precedent.

Finally, Gutierrez argues in her response to De La Paz's motion for emergency stay that De La Paz's appeal is *itself* precluded by the mootness doctrine because ballots for a May 4, 2019 general election, with her listed as the Democratic nominee, have already been ordered by the Kleberg County Clerk. We disagree. This proceeding is a contest of a primary election, and as such, the trial court's statutory authority upon finding that the outcome of the primary election could not be ascertained was limited to ordering a new *primary* election. *See* TEX. ELEC. CODE ANN. § 231.007(a) (West, Westlaw through 2017 1st C.S.). Gutierrez refers us to no constitutional or statutory provision permitting a trial court in a primary election contest to order, "suggest," or "authorize" a new *general* election, and we find none. *See id.* § 231.007(b) ("If a judgment in an election contest orders that a new election be held, . . . the new election shall be held in the same manner as the contested election."); *Countz v. Mitchell*, 38 S.W.2d 770, 774 (Tex. Comm'n App. 1931) ("There can be no valid election without some lawful authority behind it. The right to hold an election cannot exist or be lawfully exercised without express grant of power by the Constitution or Legislature."). In any event, pursuant to our conclusion herein that the trial court lost subject matter jurisdiction over Gutierrez's election contest when general election voting began, we will vacate the trial court's March 22, 2019 order, which

11

is the only order concerning the new election in the record.[5]

### III. CONCLUSION

Courts have remarked "that the right to appeal a contest of a primary election, though provided for by statute, becomes illusory in light of the time constraints involved." *Salazar*, 931 S.W.2d at 60. Under the statutory regime and the controlling case law, however, we believe it is more accurate to say that the right to *contest* a primary election in the first place is largely illusory. As observed by the Texas Supreme Court as long ago as 1938, the time period between the completion of the primary election and the beginning of general election preparations is often inadequate to allow the appellate process—including entry of judgment, perfection of appeal, obtaining and filing the often voluminous clerk's and reporter's records, submission, argument, and decision—to fully run its course. *See Iles*, 120 S.W.2d at 423 ("[P]rimary election contests in most instances cannot be finally completed in a tribunal authorized to render final judgment before the time for posting by the County Clerk has arrived."). And as noted, the election code automatically suspends enforcement of a trial court's judgment in an election contest upon the perfection of an appeal. *See* TEX. ELEC. CODE ANN. § 232.016. Therefore, for as long as the appeal of an election contest is pending, the pre-contest *status quo ante* is preserved. When these facts are combined with the mootness doctrine as it has been applied in primary election contests for nearly a century, it means that a losing primary contestee can achieve his or her objective—i.e., effective reversal of the trial court's

---

[5] As noted, the trial court's March 22, 2019 order "suggest[ed]" and "[a]uthorize[d] (if it needs to so authorize or can so authorize)" a new general election. We express no opinion on what effect, if any, our vacatur of that order has on the Kleberg County Clerk's pending election preparations.

12

judgment—without establishing the merits of the appeal. We urge the Legislature to remedy this situation by either restricting an appellant's right to appeal a judgment in a primary election contest, instituting mandatory expedited timelines for the filing of the clerk's and reporter's records in primary contest appeals, or explicitly authorizing a primary contest tribunal to order a new general election when the originally scheduled general election takes place before the tribunal's judgment becomes final.

Overwhelming authority establishes that Gutierrez's election contest became moot when general election absentee voting began, at the latest. *See, e.g., Salazar*, 931 S.W.2d at 60. Therefore, we have no choice but to vacate the trial court's orders rendered subsequent to that time—including its orders of December 5, 2018 and March 22, 2019— and dismiss the case for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e). De La Paz's motion for emergency stay is denied as moot. No motion for rehearing will be entertained, and our mandate will issue forthwith. *See* TEX. ELEC. CODE ANN. § 232.014(e), (f).

DORI CONTRERAS
Chief Justice

Delivered and filed the
29th day of April, 2019.

13