**In re Tomás URESTI, Relator.**

No. 12–0305.

Supreme Court of Texas.

Decided Aug. 31, 2012.

Jonathan D. Pauerstein, Nathan Andrew Ketterling, San Antonio, TX, for Real Party in Interest Monica Caballero.

Doug W. Ray, Randall Buck Wood, Austin, TX, for Tomás Uresti.

Edward Schweninger, Larry Lee Roberson, Susan Dolan Reed, San Antonio, TX, for Bexar County.

Robert W. Wilson, San Antonio, TX, for Bexar County Democratic Party.

PER CURIAM.

In this primary election case Choco Gonzalez Meza, Chair of the Bexar County Democratic Party, determined that petitions filed with Monica Caballero's application for a place on the Bexar County Democratic Party primary election ballot as a candidate for Justice of the Peace did not contain the required number of valid signatures. *See* TEX. ELECTION CODE § 172.021(e). Caballero sued Meza, the Bexar County Democratic Party, and Bexar County, and sought injunctive relief precluding them from omitting her name from the ballot. Tomás Uresti, Caballero's opponent for the office, intervened. After holding a hearing, the trial court issued a temporary injunction effectively compelling Meza to place Caballero's name on the ballot. Uresti applies to this Court for a writ of mandamus directing the trial court to vacate its temporary injunction. Caballero responds that Uresti's petition for writ of mandamus is moot because the primary election, which she won, has concluded. We agree.

Once an election begins, a challenge to the candidacy of an individual becomes moot. *See Polk v. Davidson,* 145 Tex. 200, 196 S.W.2d 632, 634 (1946) ("[W]hen the time comes that the issues cannot be heard and a final judgment entered adjudging the validity or invalidity of the nominee's certificate so that absentee ballots can be printed and available to voters as and when required by statute, the contest is moot and must be dismissed."); *see also Skelton v. Yates,* 131 Tex. 620, 119 S.W.2d 91, 92 (1938); *Bejarano v. Hunter,* 899 S.W.2d 346, 352 (Tex.App.—El Paso 1995, orig. proceeding); *Law v. Johnson,* 826 S.W.2d 794, 797 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Smith v. Crawford,* 747 S.W.2d 938, 940 (Tex.App.—Dallas 1988, orig. proceeding).

In responding to Caballero's assertion of mootness, Uresti does not claim that the case is not moot; rather, he claims that the "capable of repetition yet evading review" exception to the mootness doctrine applies. Under this doctrine, " 'the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot' " and there is "a reasonable expectation that the same action will occur again if the issue is not considered." *Blum v. Lanier,* 997 S.W.2d 259, 264 (Tex.1999) (quoting *Gen. Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990)). But Uresti has not shown a reasonable expectation that he will be subjected to the same action again. *See Williams v. Lara,* 52 S.W.3d 171, 184 (Tex. 2001) (providing that to invoke the capable of repetition yet evading review exception, a reasonable expectation must exist that the "same complaining party will be subjected to the same action again").

Uresti's complaint centers on his allegation that Caballero signed an affidavit on several of her petition pages stating that she had witnessed each signature on the page and read a required statement to each signer when she had actually not done so. Uresti does not point to, nor does he claim, that there is evidence of a reasonable expectation that a candidate would perform similar actions in a subsequent election in which he is a candidate. In the election cases Uresti cites, there was evidence of a reasonable expectation that the challenged actions would occur again. *See Blum,* 997 S.W.2d at 264 (finding that although an election had already occurred rendering a challenge to the wording of a ballot proposition moot, the exception applied because the trial court indicated it would sustain a contest to the election and order a new one); *Bejarano,* 899 S.W.2d at 351 (finding a reasonable expectation that the same action would occur again in an election contest where the city clerk who reviewed election applications had accepted insufficient applications for years and testified that statutorily required information on applications was "superfluous and unnecessary"). Uresti does not claim that there is evidence of a similar situation here.

Without hearing oral argument, *see* TEX. R.APP. P. 52.8(c), we dismiss the petition for mandamus relief as moot.