ACCEPTED
03-15-00451-CV
7237746
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/5/2015 4:59:18 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00451-CV

| | | |
|---|---|---|
| **ANGELA BROOKS-BROWN** | § | **IN THE THIRD** |
| | § | |
| **V.** | § | **COURT OF APPEALS** |
| | § | |
| **USAA TEXAS LLOYD'S COMPANY** | § | **AUSTIN, TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/5/2015 4:59:18 PM
JEFFREY D. KYLE
Clerk

## APPELLEE USAA TEXAS LLOYD'S COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS

**TO THE HONORABLE COURT OF APPEALS:**

Appellee, USAA Texas Lloyd's Company ("USAA Texas Lloyd's") makes the following reply to Appellant Angela Brooks-Brown's Response to Appellee's Motion to Dismiss and would show the following:

## SUMMARY

Appellant does not contest the mootness of the present dispute, and concedes the Court's authority to dismiss the present appeal. (Response, p.1). Instead, Appellant argues that the case falls within an exception to the mootness doctrine because the issue on appeal is "capable of repetition, yet will continue to evade review." (Response, pp. 1-2). The exception is narrow; and applies only in rare circumstances. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Texas A&M Univ. — Kingsville v. Yarbrough*, 347 S.W. 3d 289, 290 (Tex. 2011). The challenged act must be of such short duration that the appellant cannot obtain review before the issue becomes moot. *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999). There must

also be reasonable expectation that the same action will occur again, to the same complaining party, if the issue is not considered. *In re Uresti*, 377 S.W.3d 696 (Tex. 2012); *Yarbrough*, 347 S.W.3d at 290; *Williams*, 52 S.W.3d at 184.

In addition, the Supreme Court has recognized the exception is typically limited to challenging unconstitutional acts performed by the government. *See General Land Office v. Oxy USA, Inc.*, 789 S.W.2d 569 (Tex. 1990); *see also Trulock v. City of Duncanville*, 277 S.W.3d 920 (Tex. App. – Dallas 2009, no pet.).

The present appeal does not fall within the limited exception to the mootness doctrine. Instead, Appellant's argument is based on a skewed rendering of the facts and an apparent representation that Appellant's counsel own conduct is what will be repeated.

The facts are set out at length in Appellee's motion. To summarize, however, Appellant Brooks-Brown filed suit in Bell County against USAA Texas Lloyd's, asserting claims related to a hail loss at her property in Bell County. (CR 7). By amended pleading, she added claims related to a fire loss, closely related in time to the hail loss. (CR 107). While her suit was pending, Brooks-Brown demanded appraisal of those claims and appointed an appraiser. (CR 420, 434). USAA Texas Lloyd's also appointed an appraiser. (CR 420, 436). The appraisers, however, did not agree on valuation and could not agree on an umpire. (CR 420, 421).

Brooks-Brown then filed a second suit, in Jefferson County, seeking appointment of an umpire for the appraisal of the claims. (CR 569, 640). At about the same time, Brooks-Brown attempted to non-suit the Bell County suit. (CR 569, 695). Although omitted from Appellant's response, the Jefferson County suit was not, and to date has not been, served on USAA Texas Lloyd's.

While the Jefferson County suit remained unserved, USAA Texas Lloyd's filed a motion in Bell County, in the lawsuit that Brooks-Brown had previously filed, and sought appointment of an umpire. (CR 420).

After hearing the Court appointed an umpire, consistent with the terms of the policy. (CR 686). In addition, in response to an Application for Temporary Injunction filed by USAA Texas Lloyd's, the Court enjoined Appellant Brooks-Brown from proceeding in the Jefferson County action. (CR 928). Brooks-Brown did not seek a stay of the proceedings pending appeal.[1] The order appointing an umpire was entered July 10, 2015. (CR 686). The temporary injunction was entered July 17, 2015. (CR 928). The Court also required that the appraisal be completed

---

[1] Brooks-Brown did file a plea in abatement, asserting that the matter was pending in another forum, and that Jefferson County had "dominant jurisdiction." (CR 687). The plea was denied. (CR 948).

within 30 days.  (CR 928).  The umpire's awards were received by USAA Texas Lloyd's on August 25, 2015.[2]

## ARGUMENT AND AUTHORITIES

Brooks-Brown contends, in part, that there was no proper opportunity for appeal because of the expedited appraisal process.  Brooks-Brown ignores the fact that she invoked the appraisal process - - after filing suit in Bell County.  In addition, Brooks-Brown fails to explain why she did not seek a stay from the trial court or this Court after filing a notice of appeal on July 21, 2015. *Cf. City of Shoreacres v. Tex. Comm. on Envtl. Quality*, 166 S.W.3d 825, 839 (Tex. App.— Austin 2005, no pet.) (citing *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 398-99 (5th Cir. 2000).

Perhaps more importantly, however, Brooks-Brown fails to explain how she was deprived of any right, after invoking the appraisal process, by the fact of the appraisal proceeding.  To the extent that she has any complaint about the actual competency of the appraisers or the propriety of the appraisal process, she fails to explain why these arguments cannot be asserted by a challenge of the appraisal

---

[2] Appellant references an appraisal award dated August 13, 2015.  (Response, p.4).  While there were two awards, and one bears that date, it was not provided to the parties until the second appraisal was completed.

award itself, and an appeal from any judicial determination. It is the only temporary injunction for which there was ever any jurisdictional basis for the present appeal.

Further, appellant's argument that the issue is not moot, because it is capable of repetition, appears to be based on an argument that Appellant's counsel has other cases involving lawsuits in Bell County, in which counsel intends to seek appointment of umpires from courts in jurisdictions other than Bell County. Even assuming that, in each of these hypothetical instances, counsel would first file suit in Bell County and the Court would enter identical orders, it is not the impact upon counsel but upon Brooks-Brown – the complaining party -- that determines whether the exception to the mootness doctrine applies. *Cf. Williams*, 52 S.W.3d at 184. It is entirely speculative to suggest that Brooks-Brown is likely to have another claim, file suit in one county, seek appraisal, seek appointment of an umpire in another county, and be subject to an injunction that expires before an appeal can be considered. Even if such instances could be expected, it is pure conjecture to suggest that in each case there would be a temporary injunction, and that the injunction would expire before the appeal could be pursued.

Therefore, the present appeal is moot and does not fall within any recognized exception to the mootness doctrine. The appeal should be dismissed and costs awarded to USAA Texas Lloyd's.

Respectfully submitted,

*/s/ Lisa A. Songy*

Lisa A. Songy
State Bar No. 00793122
LisaS@tbmmlaw.com
Beth D. Bradley
State Bar No. 06243900
BethB@tbmmlaw.com
Donnie M. Apodaca, II
State Bar No. 24082632
DonnieA@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100 Telephone
(214) 665-0199 Facsimile
**ATTORNEYS FOR DEFENDANT**
**USAA TEXAS LLOYD'S COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of has been served upon counsel of record via electronic service and facsimile on this 5th day of October, 2015.

***Attorneys for Plaintiff***
Danny Ray Scott
danny@scottlawyers.com
Virginia Izaguirre
virginia@scottlawyers.com
Sean M. Patterson
sean@scottlawyers.com
Scott Law Offices
350 Pine Street, Suite 300
Beaumont, Texas  77701
Facsimile 409.833.5405

*/s/ Lisa A. Songy*
Lisa A. Songy