# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00631-CV

**Carolyn Barnes, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 10-663-K368, HONORABLE LLOYD DOUGLAS SHAVER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Carolyn Barnes appeals the district court's civil-commitment-renewal order that was ultimately vacated before her trial on a felony offense of aggravated assault with a deadly weapon. *See* Tex. Health & Safety Code § 574.070; Tex. Penal Code § 22.02. The State contends that this appeal is moot because Barnes already received the relief she sought and because recognized exceptions to the mootness doctrine do not apply in this context. Barnes filed no response to the mootness argument. We will dismiss this appeal as moot.

## BACKGROUND[1]

Carolyn Barnes was convicted of aggravated assault with a deadly weapon after she pointed a gun at and shot in the direction of a 68-year-old census worker who approached

---

[1] The background is summarized from testimony and evidence in the record of this appeal and the appeal from Barnes's criminal conviction. The parties' briefing also relied on both records.

Barnes's property while canvassing for the 2010 census. *See* Tex. Penal Code § 22.02; *Barnes v. State*, No. 03-13-00434-CR, 2016 Tex. App. LEXIS ____ (Tex. App.—Austin July 13, 2016, no pet. h.) (mem. op.). When uniformed sheriff's officers arrived to investigate, Barnes called 9-1-1 reporting that people were outside her home intending to kill her. Upon Barnes's initial intake into jail, a magistrate judge sought an assessment for mental illness. *See* Tex. Code Crim. Proc. art. 16.22 (authorizing magistrate to seek mental-health evaluation when there is reasonable cause to believe—based on information including defendant's behavior immediately before, during, and after arrest—that defendant has mental illness). The State later filed a similar motion for appointment of experts to examine Barnes for competency. *See id*. art. 46B.021. Barnes was examined and initially found competent to stand trial.

However, the court ordered another examination approximately ten months later when defense counsel noted that Barnes seemed to have had a "substantial decline in psychiatric condition." After mental-health experts issued reports diagnosing Barnes with delusional disorder (paranoid/persecutory type) and mood disorder and concluding that she was incompetent to stand trial, the court ordered Barnes's commitment to a mental-health facility for restoration to competency. *See id*. art. 46B.073. During her commitment, Barnes expressed her belief that other patients were stalking her and that hospital staff members were deliberately inciting patients to assault her. Reports to the court from mental-health experts diagnosed Barnes with psychotic disorder, mood disorder, personality disorder, and major depressive disorder. Relying on these reports, the court signed a twelve-month extension and then a twelve-month renewal of Barnes's civil commitment. *See id*. arts. 46B.102, 46B.104; Tex. Health & Safety Code §§ 574.035, .066. Only the latter order is at issue here. That unexpired order was effectively vacated when the court

2

signed an order finding, based on new reports from mental-health experts, that Barnes was competent to stand trial. The case proceeded to trial, and the jury convicted Barnes. This appeal followed.

## DISCUSSION

A case becomes moot when a court's action on the merits cannot affect the parties' rights or interests. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). The State argues that this appeal is moot because Barnes already received the relief she sought—i.e., having her renewal order for extended mental-health services set aside—and because recognized exceptions to mootness do not apply in this context. We agree.

### Recognized mootness exceptions

One recognized exception to the mootness doctrine is the "capable-of-repetition-yet-evading-review" exception. *State v. Lodge*, 608 S.W.2d 910, 912 (Tex. 1980). Under this exception, which applies only in rare circumstances, *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001), the challenged act is of such short duration that appellants cannot obtain review before the issue becomes moot and there is a reasonable expectation that the same action will occur again if the issue is not considered. *In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012). Another recognized exception to mootness is the "collateral-consequences" exception. *Lodge*, 608 S.W.2d at 912. The collateral consequences exception applies only in narrow circumstances, when adverse consequences sustained by appellant will not be cured by vacating the underlying judgment. *Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see Lodge*, 608 S.W.2d at 912 (concluding that short-term orders and sentences preclude appellants from exonerating themselves by appeal).

3

Both mootness exceptions were applied in *State v. Lodge* to allow review of temporary mental-health-commitment orders that, unlike this order, would not exceed 90 days. *See Lodge*, 608 S.W.2d at 911-12. The court found that such short-term orders allowed insufficient time for appellate review and for the removal of collateral consequences of a mental-health commitment through a favorable decision. *Id*. at 912; *see State v. K.E.W.*, 315 S.W.3d 16, 20 (Tex. 2010) (citing *Lodge* in concluding that expired temporary-commitment order for mental-health services was not moot). The holding in *Lodge* was extended without analysis to cases addressing long-term commitment orders where, unlike here, appellants remained subject to further court-ordered mental-health services and supervision. *See, e.g.*, *Marroquin v. State*, 112 S.W.3d 295, 304 n.6 (Tex. App.—El Paso 2003, no pet.) (noting possibility of subsequent commitment proceedings against appellant); *Campbell v. State*, 68 S.W.3d 747, 754 (Tex. App.—Houston [14th Dist.] 2001) (noting that challenged commitment order expired during appeal but was replaced by new commitment order for appellant who was acquitted by reason of insanity), *aff'd*, 85 S.W.3d 176, 180 (Tex. 2002); *cf. L.S. v. State*, 867 S.W.2d 838, 840 n.1 (Tex. App.—Austin 1993, no writ) (noting that mootness exception applied by agreement of parties to case involving appellant with mental retardation).

**Mootness exceptions inapplicable**

Neither mootness exception applies here. The "capable-of-repetition-yet-evading-review" exception does not apply because the "capable-of-repetition" element is not met. Barnes is not confined in a mental-health hospital, she is not subject to the vacated renewal order, and there is no indication that in the future she will be subject to the renewal of a civil-commitment

4

order pending her competency to stand trial for another felony offense. *See Lara*, 52 S.W.3d at 184-85 (rejecting "capable-of-repetition" element because it would be speculative and unreasonable for court to expect that appellants, former inmates, would be charged with future crime leading to their incarceration in jail); *id*. at 185 (recognizing former inmates were legally required to prevent their own recidivism); *see also In re M.C.*, No. 11-98-00310-CV, 1999 WL 33748086, at *1 (Tex. App.—Eastland May 6, 1999, no pet.) (not designated for publication) (dismissing as moot appeal of order for extended inpatient mental-health services because there was no reasonable expectation that appellant would again be involuntarily committed to mental hospital and kept after she no longer met statutory criteria for her commitment).

The "collateral consequences" exception to the mootness doctrine does not apply because there is no exoneration or removal of stigma that would be redressed by this appeal. The mootness doctrine is inapplicable when the stigma of a mental-health-commitment order will not be redressed by appeal. *See State ex rel. E.C.*, No. 14-15-00362-CV, 2015 Tex. App. LEXIS 12641, at *5-6 (Tex. App.—Houston [14th Dist.] Dec. 15, 2015, no pet.) (mem. op.) (concluding that appeal was moot and any stigma attached to involuntary commitment would not be redressed by appeal because appellant challenged only his placement in one mental-health facility instead of another); *see also In re M.C.*, 1999 WL 33748086, at *1 (concluding that appeal was moot and any stigma attached to involuntary commitment would not be redressed by reversing order for extended inpatient mental-health services when preexisting order committing appellant to state mental-health hospital remained). Barnes's appeal here challenges only the renewal order for her civil commitment, not any prior commitment order. Further, Barnes's only alternative to receipt of inpatient mental-health services while criminal charges were pending was to stand trial for the felony offense

5

of aggravated assault with a deadly weapon. *See* Tex. Code Crim. Proc. art. 46B.116 ("If the defendant is found competent to stand trial, the proceedings on the criminal charge may proceed."). Standing trial for that crime would itself carry a stigma, which would be unaffected by any ruling on this vacated order renewing her civil commitment. *See Thrift v. Hubbard*, 974 S.W.2d 70, 81 (Tex. App.—San Antonio 1998, pet. denied) (noting "gross social stigma" attached to pending criminal charges).

## CONCLUSION

We dismiss this appeal as moot.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Dismissed as Moot

Filed: July 13, 2016