**Petition for Writ of Mandamus and Appeal Dismissed as Moot and Memorandum Opinion Filed August 8, 2017.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-16-00275-CV

———————

### HOUSTON HOUSING AUTHORITY, Appellant

### V.

### HONORABLE MIKE PARROTT, Appellee

---

**On Appeal from County Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1072783**

---

———————

## NO. 14-16-00249-CV

———————

### IN RE HOUSTON HOUSING AUTHORITY, Relator

---

**WRIT OF MANDAMUS**
**County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1072783**

---

## MEMORANDUM OPINION

On March 28, 2015, appellant Houston Housing Authority ("HHA") filed a notice

of appeal from the Honorable Linda Storey's order of March 9, 2016, denying HHA's petition for writ of mandamus against the Honorable Mike Parrott (appellate cause number 14-16-00275-CV). On March 29, 2015, relator HHA filed a petition for writ of mandamus seeking relief from the same order (appellate cause number 14-16-00249-CV). On May 3, 2016, we consolidated the proceedings.

## BACKGROUND

The record reflects this case began when HHA filed a petition for forcible detainer against Bobbie Figures and all other occupants of property located on Forest Hollow in Houston, Texas (the "property") in the Justice Court of Harris County, Precinct 3. Judgment was entered in favor of HHA on December 30, 2015, by Judge Parrott. On January 15, 2016, Sonfronia Thompson requested by letter the judgment be set aside and the defendant be given an opportunity to have counsel.[1] The letter stated the defendant was indigent, not represented by counsel, eighty years of age, and did not understand the proceedings. On January 20, 2016, Judge Parrott set aside the judgment, reinstated the case on the court's docket, and set the case for trial on January 27, 2016. HHA complains it did not get notice, a hearing, or an opportunity to respond. On the day the judgment was set aside, the trial court signed a reset notice addressed to Thompson stating the case had been reset for trial. Figures, now represented by Thompson, filed a Motion to Set Aside Judgment and Cancel Writ of Possession. The motion does not contain a file stamp; the certificate of service provides it was served on opposing counsel on January 21, 2016.

HHA filed a petition for writ of mandamus in County Court at Law Number 3 seeking to have Judge Parrott's order of January 20, 2016, declared void. The grounds for the petition were that because Judge Parrott's plenary power had expired on January 4, 2016, he lacked jurisdiction to set aside his judgment. HHA further complained that Judge

---

[1] The record does not reflect in what capacity Thompson was acting at this time.

2

Parrott failed to state the reasons he granted a new trial. Harris County, Texas ("the County") responded to the petition on behalf of Judge Parrott, the named respondent. HHA filed a reply to which the County again responded on behalf of Judge Parrott. A hearing was held and the petition for writ of mandamus was denied. From that order, HHA filed this appeal as well as a petition for writ of mandamus.

## ANALYSIS

HHA acknowledges in its brief that Figures has since vacated the property. The only issue in a forcible detainer action is the right to possession of the premises. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785–86 (Tex. 2006). Thus, if the tenant no longer has an arguable right to possession, even once the case is on appeal, a justiciable controversy ceases to exist, and the case is rendered moot. *See id*. at 785–87; *see also In re Kellogg Brown & Root, Inc*., 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."). We lack jurisdiction to decide moot controversies and render advisory opinions. *See NCAA v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *In re H & R Block Fin. Advisors, Inc*., 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

Figures has not filed a brief in this appeal and has no claim of "a potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787; *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). HHA, however, contends this appeal falls within both exceptions to the mootness doctrine: (1) the capability-of-repetition-yet-evading- review exception; and, (2) the collateral-consequences exception. *State v. Lodge*, 608 S.W.2d 910, 912 (Tex. 1980). HHA's basis for its contention is Thompson's letter sent to Judge Parrott on Figures' behalf.

In considering whether the appeal falls within an exception to the mootness

doctrine, we consider the nature of the underlying action and the requested relief. *Cf. In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012). HHA's live pleading asked for mandamus relief from the County Court at Law on the stated grounds that (1) the justice of the peace set aside a judgment in HHA's favor after the justice court's plenary power expired and (2) the justice of the peace did not give the reasons for setting aside the judgment. HHA has not sought any relief based on Thompson's letter, so it is not relevant to whether HHA's action falls within either exception to the mootness doctrine. Moreover, for independent reasons, HHA's action fails to come within either exception to the mootness doctrine.

### Capable-of-Repetition-Yet-Evading Review Exception to Mootness

An act is considered "capable of repetition yet evading review" when "the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot" and "there is a reasonable expectation that the same action will occur again if the issue is not considered." *Blum v. Lanier*, 997 S.W.2d 259, 264 (Tex. 1999). The Supreme Court of Texas has held the government may not use the capable-of-repetition-yet-evading-review exception to preserve its right to appeal when the complaining party has no basis for pursuing its claim for relief. *General Land Office of the State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). HHA has not briefed whether it is a governmental agency that is precluded from using this exception to the mootness doctrine. Nor does the record reveal whether HHA is a governmental entity. But, even if HHA may invoke this exception to the mootness doctrine, HHA has neither alleged nor shown that HHA expects to be subjected to the same action without the opportunity for appellate review. *See In re Uresti*, 377 S.W.3d at 696. Without that showing, HHA cannot come within the capable-of-repetition-yet-evading-review exception to the mootness doctrine.

*Collateral-Consequences Exception to Mootness*

The collateral-consequences exception is invoked only under narrow circumstances, when vacating the underlying judgment would not cure the adverse consequences suffered by the appellant. *Marshall*, 198 S.W.3d at 789. To invoke this exception, an appellant must show (1) a concrete disadvantage resulted from the judgment; and (2) the disadvantage will persist even if the judgment is vacated and the case dismissed as moot. *Id.* Although HHA contends this exception applies to the present appeal, in its briefing HHA does not attempt to demonstrate a concrete disadvantage resulted from the challenged action of the trial court; or (2) HHA will continue to suffer any adverse consequences if the judgment below is vacated and the cause dismissed as moot. *See Reule v. RLZ Invs.*, 411 S.W.3d 31, 33 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (declining to apply collateral-consequences exception where appellant failed to explain why perceived disadvantage would persist after judgment was vacated). Therefore, we decline to hold the second exception applies to the circumstances of this case.

## CONCLUSION

If our decision cannot have a practical effect on an existing controversy, the case is moot. Accordingly, without reference to the merits, we overrule HHA's issues and dismiss the appeal and the petition for writ of mandamus as moot. *See Frisco Square Developers, LLC v. KPitch Enters., LLC, No.* 05-16-00992-CV, 2017 WL 2687521, at \*2 (Tex. App.—Dallas June 22, 2017, no pet. h.) (mem. op.).


/s/    John Donovan
        Justice


Panel consists of Chief Justice Frost and Justices Donovan and Wise.