**CONCUR;DISSENT and Opinion Filed March 6, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-18-01333-CV

## IN RE BRUCE BISHOP, ASHLEY HUTCHESON, DALLAS COUNTY REPUBLICAN PARTY, AND MISSY SHOREY, Relators

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-14298**

## CONCURRING AND DISSENTING OPINION
Before the En Banc Court

Opinion by Justice Bridges

I agree with the Court's denial of the motion for reconsideration en banc because the appeal is moot; however, I disagree with the Court's withdrawal of the original opinion.

As the original author, I write separately to emphasize that, under the unique procedural posture and facts of this case as pleaded by Margaret O'Brien, the original underlying petition is an election contest. Accordingly, the trial court was statutorily prohibited from granting the default judgment. *See* TEX. ELEC. CODE ANN. § 221.004.

The underlying lawsuit originated when O'Brien, candidate for JP 2-1, filed her original petition fifty-one days prior to the general election challenging Ashley Hutcheson's candidacy eligibility based on Hutcheson's alleged failure to reside in District JP 2-1. O'Brien's original petition seeking declaratory and injunctive relief invoked the jurisdiction of the trial court "in accordance with § 221.002 and/or § 273.081 of the Texas Election Code." After Hutcheson failed to answer the petition, O'Brien filed a motion for default judgment and asked the trial court to enter a declaratory judgment pursuant to her original petition. The trial court granted the no-answer default judgment eleven days before the general election.

To begin, case law is clear that "[o]nce an election begins, a challenge to the candidacy of an individual becomes moot." *In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012); *De La Paz v. Gutierrez*, No. 13-19-00133-CV, 2019 WL 1891137, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 29, 2019, no pet.) (mem. op.). Arguably, the case was moot from the moment O'Brien filed her original petition in district court because the election process had already begun.[1] Nevertheless, O'Brien and the trial court proceeded, and we must analyze the trial court's further action in the posture it appears before us.

---

[1] In fact, in her motion for new trial, Hutcheson argued, among other things, that previous decisions rendered by this Court and the Supreme Court of Texas ruled that "any litigation that cannot be completed before the relevant Election Code deadline is untimely and moot."

The concurrence asserts O'Brien's claims were premature, but "[i]f O'Brien was entitled to the relief sought, it was clearly contingent on the victory of her opponent at an election that had yet to occur." Thus, the concurrence concludes mandamus was ultimately appropriate because the trial court was without subject matter jurisdiction due to the ripeness doctrine.[2] However, under *Uresti*, a challenge to a candidate's qualifications, even if valid grounds exist, becomes moot once an election begins. 377 S.W.3d at 696. It does not survive the election thereby becoming ripe for litigation post-election. The concurrence ignores this Texas Supreme Court authority and instead cites *State v. Wilson*, 490 S.W.3d 619 (Tex. App.—Houston [1st Dist.] 2016, no pet.), and *McDuffee v. Miller*, 327 S.W.3d 808 (Tex. App.—Beaumont 2010, no pet.), neither of which supports the concurrence's "intimation" that residency challenges survive an election *under the facts in this case*.

---

[2] The concurrence agrees the trial court got it wrong. The question before our Court was the propriety of granting the default judgment.

By reversing the trial court and sending the case back, our Court, in the words of the concurrence, "created *significant practical mischief* separate and apart from its legal misrepresentation" because the Court "*remov[ed] the default judgment option from a trial court's arsenal*" thereby "*insur[ing] that many meritorious election-related cases to which there is no legitimate defense would go forward and instill even more uncertainty into the election process*." Since the concurrence is engaging in hypotheticals, it is important to note Hutcheson filed a motion for new trial in which she argued that her failure to appear was not intentional or due to conscious indifference and that she had a meritorious defense because she lived in the precinct. Thus, the facts here would neither, as the concurrence suggests, allow a meritorious election-related case to go forward to which there was no legitimate defense, nor instill more uncertainty into the election process.

Prior to our opinion, section 221.004 (effective January 1, 1986) had never been cited; therefore, it is impossible to claim we are removing an essential weapon from any arsenal. In fact, the concurrence's interpretation could take away the public's opportunity to decide an election at the ballot box.

*Wilson* involved a quo warranto proceeding in which the State, one month after an election, chose to file suit challenging a candidate's eligibility to hold office because he did not satisfy the statutory resident requirements. 490 S.W.3d at 612. Quo warranto and election contests are distinct proceedings. I do not disagree the Attorney General or district or county attorney has statutory authority to raise such challenges "to protect itself and the good of the public generally." *See Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 436–37 (Tex. 1991); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002(a). O'Brien, however, could not raise such a challenge. *Uresti*, 377 S.W.3d at 696. Rather, she would be at the mercy of state officials with statutory authority to determine whether her (hypothetical) claim could proceed.

In *Miller*, the parties challenged the residency of voters, not the residency of candidates; therefore, the facts are inapposite to the facts at issue here. 327 S.W.3d at 811. Moreover, the parties challenged "illegitimate votes" by alleged non-residents, which unquestionably falls under election code section 221.003(a), but again, is not at issue in this case.

The concurrence ignores our duty to broadly construe the pleadings in favor of the plaintiff in determining whether a party's pleadings invoked the trial court's jurisdiction. *See McDuffee*, 327 S.W.3d at 812 (liberally construing pleading and concluding plaintiff invoked jurisdiction under section 221.002). O'Brien specifically invoked the trial court's jurisdiction pursuant to Texas Election Code

–4–

section 221.002, which falls under Title 14, "Election Contest."[3] "It is a part of the public policy enforced by the courts of Texas that where a party invokes the exercise of a jurisdiction within the court's general powers, he will not thereafter be heard to urge that the court was without jurisdiction to render the order or judgment rendered." *See, e.g.*, *Moore v. Moore*, 430 S.W.2d 247, 250 (Tex. App.—Dallas 1968, writ ref'd n.r.e.). Parties should not be allowed to "trifle with the courts" in such a manner. *See Spence et ux. v. State Nat'l Bank of El Paso*, 5 S.W.2d 754, 757 (Tex. Comm'n App. 1928) (stating that "principle is one of estoppel . . . estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant"). Having invoked the trial court's jurisdiction pursuant to an election contest, O'Brien may not subsequently argue, as she did in her motion for en banc reconsideration, that the case was not an election contest thereby negating the applicability of section 221.004's prohibition against default judgments. *Id*.

Because O'Brien pleaded an election contest and invoked the jurisdiction of the court pursuant to section 221.002, the trial court was bound by Title 14, subtitle A, Chapter 221. By granting a default judgment, the trial court failed to comply with

---

[3] The overwhelming majority view among Texas appellate decisions acknowledging the Texas Supreme Court's holding in *Dickson v. Strickland*, 265 S.W.1012, 1018 (Tex. 1924) hold that the term "election contest" includes actions challenging *any* step of the process by which the election is conducted. *See, e.g.*, *Cohen v. Clear Lake City Water Auth.*, 687 S.W.2d 406, 408 (Tex. App.—Houston [14th Dist.] 1985, no writ); *Kennedy v. Burnet Indep. Sch. Dist.*, 474 S.W.2d 742 (Tex. App.—Austin 1971, no writ); *Rawson v. Brownsboro Indep. Sch. Dist.*, 263 S.W.2d 578 (Tex. App.—Dallas 1953, writ ref'd n.r.e.); *Roberts v. Brownsboro Indep. Sch. Dist.*, 575 S.W.2d 371 (Tex. App.—Tyler 1978, writ dism'd); *Weinberg v. Molder*, 312 S.W.2d 393 (Tex. App.—Waco 1958, writ ref'd n.r.e.); *Turner v. Lewie*, 201 S.W.2d 86 (Tex. App.—Fort Worth 1947, writ dism'd).

the mandatory statutory provision prohibiting a default judgment in an election contest. TEX. ELEC. CODE ANN. § 221.004; *In re Nationwide Ins. Co. of. Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding) (abuse of discretion when trial court's ruling made without regard for guiding legal principles). The trial court abused its discretion by signing a default judgment in direct contradiction of the Texas Election Code. Under these circumstances, the order was void, and Hutcheson did not need to show there was no adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding) ("A void order has no force or effect and confers no rights; it is a mere nullity.").

/David L. Bridges/  
DAVID L. BRIDGES  
JUSTICE

Myers, Whitehill, Schenck, and Evans, JJ., join in this concurring and dissenting opinion.

181333HCD.P05