# IN THE SUPREME COURT OF TEXAS

═══════════════

No. 18-0781

═══════════════

ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., PETITIONER,

v.

PANDA POWER GENERATION INFRASTRUCTURE FUND, LLC, D/B/A PANDA POWER
FUNDS, ET AL., RESPONDENTS

═══════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

═══════════════

*~ consolidated for oral argument with ~*

═══════════════

No. 18-0792

═══════════════

IN RE PANDA POWER INFRASTRUCTURE FUND, LLC, D/B/A PANDA POWER FUNDS,
ET. AL., RELATORS

═══════════════

ON PETITION FOR WRIT OF MANDAMUS

═══════════════

JUSTICE GUZMAN, joined by JUSTICE LEHRMANN and JUSTICE DEVINE, dissenting.

Courts are obliged to respect constraints on jurisdiction at all times, and we are duty bound

to refuse to exercise jurisdiction beyond Constitutional limits. But we have an equally compelling

duty to "exercise as much jurisdiction over the case as the Constitution allows."[1] The relationship between these opposing forces was powerfully articulated 200 years ago in *Cohens v. Virginia*:

> It is most true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution.[2]

The Court abdicates its Constitutional duty in this case by declining to resolve the merits of a dispute the entire Court and both parties agree is live, legally cognizable, and of escalating importance to the parties and the public. While the Court has discretion to *decline* jurisdiction, we have no discretion to *deny its existence*. I respectfully dissent.

In concluding the mandamus proceeding is "procedurally moot," the Court applies the mootness doctrine contrary to its constitutional underpinnings. A case becomes moot when the parties lack (1) a justiciable controversy between them or (2) a "legally cognizable interest in the outcome[.]"[3] When either circumstance exists, any judicial decision would constitute an improper advisory opinion because the court either cannot grant the requested relief or cannot "otherwise affect the parties' rights or interests."[4] Panda Power's mandamus petition is not moot because neither mootness element is satisfied, as the Court is compelled to acknowledge.[5]

---

[1] *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 462 (Tex. 2011) (orig. proceeding) (citing *Love v. Wilcox*, 28 S.W.2d 515, 522 (Tex. 1930)).

[2] 19 U.S. 264, 400 (1821).

[3] *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (quoting *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)).

[4] *Id.* (quoting *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012)). An advisory opinion is one that addresses only a hypothetical injury as opposed to remedying a real, concrete harm. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

[5] *Ante* at 11-12.

A controversy is "justiciable" if the parties have a real and concrete dispute between them, not merely a hypothetical one.[6] Every member of the Court agrees the parties to this original proceeding have a justiciable controversy.[7] Parties have a "legally cognizable interest in the outcome" if the Court's action on the merits can affect their rights or interests.[8] The Court agrees, as it must, that "the parties have a legally cognizable interest in the resolution of th[e] issues" presented.[9] The Court nonetheless concludes that resolving those issues would result in an advisory opinion because the relief Panda has requested would be ineffective.[10] That is incorrect. The injury alleged here is not only real and concrete but also amenable to mandamus relief.

As discussed in CHIEF JUSTICE HECHT's dissenting opinion, the Court's mootness analysis fundamentally misunderstands the nature of the relief requested and our mandamus jurisdiction.[11] Panda prayed for mandamus relief this Court has the power to grant, and the court of appeals has the power to execute.[12] In holding otherwise, the Court's mootness analysis consistently conflates an appeal, in which a court acts *on* an order or judgment, with mandamus relief, which is a command against a *respondent* rather than action on an order or judgment.[13] The Court's faulty

---

[6] *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

[7] *Ante* at 11-12; *ante* at 3 (HECHT, C.J., dissenting).

[8] *Heckman*, 369 S.W.3d at 162 (citing *VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993)).

[9] *Ante* at 12.

[10] *Id.* at 12-14. The Court's assertion that I have not considered whether mandamus relief would be effective is verifiably inaccurate. *Id.* at 8 n.9. Indeed, because the entire Court agrees the issues are live and cognizable, the analytical focus of both dissenting opinions is the effectiveness of mandamus relief.

[11] *See ante* at 6-8 (HECHT, C.J., dissenting).

[12] *See id.*

[13] *See ante* at 10-17, 13 n.17. The Court offers no reason why a mandamus writ against the court of appeals would not be effective except for its fundamental misunderstanding that mandamus relief acts on the trial court's order or judgment or requires action by the trial court in this case. Unlike remedies granted by appeal, a mandamus writ is not an action on an order or judgment but is instead an order against the respondent to correct a clear abuse of discretion. *See* TEX. R. APP. P. 52.3 ("[T]he person against whom relief is sought—whether a judge, court, tribunal, officer, or

3

premise permeates its entire analysis. Our mandamus jurisdiction is original, not derivative of the trial court's order or judgment, and it imbues this Court with the power to command the court of appeals to rectify its own error that has merged into and remains live in a proceeding that is currently pending before that court.[14] If the trial court did not abuse its discretion, then the court of appeals abused its discretion in granting mandamus relief.[15] And knowing that any error can be corrected, the court of appeals has held the appeal in abeyance awaiting our command.

There exists no limitation on our mandamus power that would prevent us from ordering the court of appeals to correct its clear abuse of discretion, should we find one, with respect to the live issue currently before that court. The appeals court has both the ability and the duty to take corrective action that would resolve the parties' "legally cognizable interest" in the issues.[16] A decision on the merits of the issues presented would not be "advisory." Not even close.

---

other person—is the respondent."). Here, the respondent is the court of appeals, and that court's error, if any, is not only presently within that court's jurisdiction to correct but also *only* within that court's jurisdiction to correct. The Court's statement that a mandamus writ could only "instruct the court of appeals to instruct the trial court to vacate an interlocutory order that no longer exists" is wrong. *See ante* at 17 n.19. A mandamus writ, if any, could properly require the court of appeals to vacate its own order and correct its error in the proceedings over which it currently has jurisdiction, and the court's compliance with our directive would indisputably affect the parties' rights and interests.

The Court's adequate-appellate-remedy discussion further reflects its confusion about the mandamus relief Panda seeks and the relief we could issue. *See id.* at 17-18, 17 n.19. Requiring an adequate appellate remedy is a prudential constraint on issuance of a mandamus writ in the first instance, but adequacy of an appellate remedy is not implicated when the mandamus petition questions whether an *appeals court* has erroneously *granted mandamus relief*. *See In re Panchakarla*, 602 S.W.3d 536, 539, 541 (Tex. 2020) (orig. proceeding) (concluding the court of appeals abused its discretion in issuing a writ of mandamus). There is no appeal from an erroneously issued mandamus writ; the only question is whether the court of appeals abused its discretion in granting mandamus relief. *See In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding) ("If the trial court did not abuse its discretion, then the court of appeals erred in granting mandamus relief.").

[14] *See* TEX. GOV'T CODE § 22.002; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 834 (Tex. 1992) (orig. proceeding)).

[15] *See In re Am. Homestar*, 50 S.W.3d at 483.

[16] The mandamus cases the Court cites in support of its "procedural mootness" theory are all procedurally distinguishable. None of those cases involve allegations that the court of appeals injected error into the case by erroneously granting mandamus relief. Indeed, none challenged a court of appeals' action at all. *See In re State*, 489 S.W.3d 454, 457 (Tex. 2016) (orig. proceeding) (Brown, J., concurring) (noting an intervening United States Supreme Court decision mooted a mandamus petition challenging the trial court's order); *In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012) (orig. proceeding) (per curiam) (holding an election's conclusion mooted a mandamus petition

This conclusion is not driven by the public's interest in the issues raised here, but those interests are consequential and amplify the increasing necessity of answering the legal questions properly before the Court. One of our principal missions is to decide cases of statewide importance,[17] and the public always benefits when we do our job. The public's interest in an expeditious resolution of this dispute has long been championed by both sides of the case. It is not a novel concern for the Court or even for this case. As for the concurrence's suggestion that the Court should "stick to deciding cases,"[18] I wholeheartedly agree. Let's start by deciding this one.

Eva M. Guzman
Justice

**OPINION DELIVERED:** March 19, 2021

---

challenging a trial court's temporary injunction regarding the candidates on the ballot); *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 94 (Tex. 1997) (orig. proceeding) (holding this Court's stay order provided relator "all the relief to which it was entitled" and thus mooted a mandamus petition challenging a trial court's temporary injunction); *Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995) (orig. proceeding) (holding removal to federal court of a severed cause mooted a mandamus petition challenging the trial court's severance order because even if the Court ordered the trial court to rescind its severance order, neither this Court nor the trial court could force the federal court to remand the case); *In re Salverson*, 01-12-00384-CV, 2013 WL 557264, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig. proceeding) (per curiam) (mem. op.) (holding a trial court's final judgment mooted a mandamus petition challenging a trial court's interlocutory order); *In re Gee*, 01-05-00851-CV, 2006 WL 2640989, at \*1 (Tex. App.—Houston [1st Dist.] Sept. 11, 2006, orig. proceeding) (per curiam) (mem. op.) (same); *In re Alexis*, 05-97-01916-CV, 1998 WL 564933, at \*1 (Tex. App.—Dallas Sept. 8, 1998, orig. proceeding) (not designated for publication) (same). The Court's failure to appreciate the distinction has led its analysis astray.

[17] *Cf.* TEX. GOV'T CODE 22.001(a) ("The supreme court has appellate jurisdiction, except in criminal law matters, of an appealable order or judgment of the trial courts if the court determines that the appeal presents a question of law that is important to the jurisprudence of the state."); *In re Newton*, 146 S.W.3d 648, 650 (Tex. 2004) (orig. proceeding) (stating that the legality of a temporary restraining order preventing a political action committee from contributing to candidates for state election races raised an issue of statewide importance warranting mandamus review); *In re State Bar of Tex.*, 113 S.W.3d 730, 733 (Tex. 2003) (orig. proceeding) (exercising mandamus jurisdiction because a state district court's interference with the Board of Disciplinary Appeals' jurisdiction to regulate legal practice raised an issue of statewide importance).

[18] *Ante* at 3 (BLACKLOCK, J., concurring).